UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ROBYN HAYNES and ) | |
| ERIC JACKSON, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:12-CV-1090 |
| ) | |
| THE CITY OF DURHAM, N.C.; ) | |
| MARK WENDELL BROWN, JR.; ) | |
| DANNY REAVES; TIMOTHY ) | |
| STANHOPE; LAWRENCE ) | |
| VAN DE WATER; VINCENT ) | |
| PEARSALL; and JERRY YOUNT, ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT
CITY OF DURHAM, NORTH CAROLINA'S MOTION TO DISMISS**

NOW COMES the City of Durham, North Carolina ("the City"), by and through its undersigned attorneys and pursuant to Local Rule 7.3, and submits this Memorandum in support of its motion to dismiss the subject action as to it.

**STATEMENT OF THE NATURE OF THE MATTER BEFORE THE COURT**

Plaintiffs allege Plaintiff Eric Jackson was improperly and illegally detained during a traffic stop and subsequent investigation by City of Durham police officers on October 8, 2009. According to Plaintiffs, this detention led to the improper search, seizure, and criminal proceedings against Jackson. It further led to damage to the car Jackson was using, which he had borrowed from Plaintiff Robyn Haynes. Plaintiffs seek

1

money damages from the City and the individual officers named in the complaint in both their official and individual capacities.[1]

The City seeks to dismiss the Complaint as to it pursuant to Fed. R. Civ. P. 12(b)(5) and 41(b) for insufficiency of service of process, as such process was not delivered to or received by a person specified under Fed. R. Civ. P. 4(j)(2).

## STATEMENT OF FACTS

***Delivery of Summons and Complaint to Receptionist at City Manager's Office***

On November 8, 2011 Plaintiffs filed their complaint and obtained issuance of civil summons directed to the City, addressed as "The City of Durham, N.C., c/o Thomas J. Bonfield, City Manager." (Bonfield Aff. ¶ 8) On January 15, 2013, a FedEx employee delivered a package containing that process to Raquel Rosario. (Rosario Aff. ¶ 5) The package was addressed to "The City of Durham, NC, c/o Thomas J. Bonfield, City Manager, 101 City Hall Plaza, Durham, NC 27701." (Rosario Aff. ¶ 5) Ms. Rosario is not, and has never been, the Mayor, City Manager, or Clerk of the City. (Rosario Aff. ¶ 3) On January 15, 2013, Ms. Rosario was a receptionist and administrative assistant employed by the City in the City Manager's Office. (Rosario Aff. ¶ 3) Ms. Rosario was

---

[1] Official capacity suits are just "another way of pleading an action against an entity of which an officer is an agent." *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55, 98 S. Ct. 2018, 2035 n.55, 56 L. Ed. 2d 611, 635 n.55 (1978); *Staley v. Lingerfelt*, 134 N.C. App. 294, 299, 517 S.E.2d 392, 396 (1999), *disc. rev. denied*, 351 N.C. 109, 540 S.E.2d 367 (1999) ("suing a [municipal police] officer [acting] in his official capacity has the effect of suing the municipality").

2

Case 1:12-cv-01090-TDS-JLW   Document 6   Filed 02/05/13   Page 2 of 15

working in the City Manager's office when the package was delivered to her. (Rosario Aff. ¶¶ 4-6) Ms. Rosario placed it in the mailbox of the senior executive assistant to the City Manager, Norma Washington. (Rosario Aff. ¶¶ 6, 7)

Ms. Rosario's responsibilities do not include accepting or receiving any summons, complaint, or any form of legal process directed to the City. (Rosario Aff. ¶¶ 9-13) Ms. Rosario has never been authorized to accept or receive any legal documents on behalf of the City, the City Manager, or any other City employee. (Rosario Aff. ¶¶ 10-11; Bonfield Aff. ¶¶ 13-18)

City Manager Thomas J. Bonfield was not present or nearby when the FedEx employee left the package with Ms. Rosario. (Bonfield Aff. ¶ 10) Mr. Bonfield was not aware that FedEx was leaving the package with Ms. Rosario. (Rosario Aff. ¶ 10)

## QUESTIONS PRESENTED

The questions before the Court are:

- Whether the delivery of the FedEx package containing the summons and complaint to Raquel Rosario constitutes "delivering a copy of the summons and complaint to [the] chief executive officer" for the City of Durham under Fed. R. Civ. P. 4(j)(2)(a); and

- Whether the delivery of the FedEx package containing the summons and complaint to Raquel Rosario constitutes service on the City "in a manner prescribed by" North Carolina law under Fed. R. Civ. P. 4(j)(2)(b).

## ARGUMENT

The requirements for service of process on the City are set out in Fed. R. Civ. P. 4(j)(2). That entire section states as follows:

> (2) **State or Local Government.** A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
> (A) delivering a copy of the summons and of the Complaint to its chief executive officer; or
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2).

As established in the affidavits filed as exhibits to the underlying motion, the summons and a copy of the complaint were delivered to Ms. Rosario, and therefore were not received by any person who might qualify as a "chief executive officer" for the City. Such service is clearly insufficient under North Carolina law. *See, e.g.*, *Johnson v. City of Raleigh*, 98 N.C. App. 147, 389 S.E.2d 849, *disc. rev. denied*, 327 N.C. 140, 394 S.E.2d 176 (1990) (delivery of suit papers to person other than official described in N.C. R. Civ. P. 4 insufficient to confer personal jurisdiction over City).

### *Plaintiffs' Failed to Make Valid Service on the City Under the Federal Rules*

Delivery of a summons and complaint to a receptionist or assistant not authorized to accept it does not constitute "delivering a copy of the summons and complaint to [the]

5

chief executive officer" under Fed. R. Civ. P. 4(j)(2). *See Norris v. District of Columbia Government*, 1008 U.S. Dist. LEXIS, at *22-24 (D.C. Cir. August 1, 2008) (certified mail delivery of a summons and complaint to a mail room employee was not effective service on the District of Columbia under Fed. R. Civ. P. 4(j)(2)). Federal case law is replete with examples of Courts finding that service on someone other than the actual chief executive officer is insufficient where the individual served was not previously authorized to accept service. For example, in *Hupp v. San Diego County District Attorney*, the Southern District of California held that personal service on a Sheriff's Deputy who indicated he could accept service was not sufficient to establish jurisdiction over the Sheriff's Office under Fed. R. Civ. P. 4(j)(2). 2012 U.S. Dist. LEXIS, at *8-11 (S.D. Cal. July 12, 2012) ("Under California and federal law, only the chief executive officer of SD Sheriff's Dept. or the clerk, secretary, president, presiding officer or head of the SD Sheriff's Dept.'s governing body has the authority to accept service on behalf of SD Sheriff's Dept"). In *Kiernan v. Hermes International*, the Eastern District of New York held that personal service on a police officer at the civil service building for the Village of Freeport, New York was insufficient service on the Village under Fed. R. Civ. P. 4(j)(2). 2009 U.S. Dist. LEXIS 75510, at *4-5 (E.D.N.Y. August 3, 2009).

This standard is consistent with the interpretation given to the prior version of Fed. R. Civ. P. 4(j)(2), Fed. R. Civ. P. 4(d)(6). In *Benskin v. Addison Township*, the Northern District of Illinois held that personal service made on someone other than the "chief

6

executive officer [ ]or an agent authorized to receive process" was insufficient as to the Village of Bensenville, Illinois:

> Rule 4(d)(6) provides that a municipality's chief executive officer or an agent must be served, unless state law allows for another way to do it. Bensenville asserts that Elvira Johnson is neither its chief executive officer nor an agent authorized to receive process. Benskin does not deny this. In light of Benskin's failure to validate the sufficiency of service, Bensenville's motion to dismiss will be granted.

645 F.Supp. 1014, 1018 (N.D. Ill. 1986). *See also Mendoza v. City of Miami*, 483 F.2d 430 (5th Cir. 1973) (City of Miami and Miami Civil Service Board "were properly dismissed from the suit due to improper service of process; wives are not authorized to receive service for the respective chief executive officers in their official capacities").

### *Plaintiffs Failed to Make Valid Service on the City Under North Carolina Law*

The FedEx delivery to a receptionist in the City Manager's office on January 15, 2013 was insufficient under N.C. R. Civ. P. 4(j)(5)a, as the package was not delivered to the City's Mayor, City Manager, or Clerk. The required manner for service of process on a city under the North Carolina Rules of Civil Procedure is set out in N.C. R. Civ. P. 4(j)(5)a:

> (5) Counties, Cities, Towns, Villages and Other Local Public Bodies.—
> a. Upon a city, town, or village by personally delivering a copy of the summons and of the complaint to its mayor, city manager or clerk; by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt

7

> requested, addressed to its mayor, city manager or clerk; or by depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the mayor, city manager, or clerk, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.

N.C. Gen. Stat. § 1A-1, Rule 4(j)(5)a (2011).

"When a statute prescribes the manner for proper notification, the summons must be issued and served in that manner." *Johnson v. City of Raleigh*, 98 N.C. App. 147, 149, 389 S.E.2d, 849, 851 (1989) (citation omitted). North Carolina law provides that service of process on the City, as a local government, must be done according to the strict requirements of N.C. R. Civ. P. 4(j)(5)a and N.C. R. Civ. P. 4(j)(5)d. *Johnson*, N.C. App. at 150, 389 S.E.2d at 851 ("Clearly, the statute does not provide for substituted personal process on any person other than those named in provisions (j)(5)a and (j)(5)d").

The City "is not a natural person and such substituted process is defective and insufficient to obtain personal jurisdiction over the public body." *Johnson,* 98 N.C. App. at 150, 389 S.E.2d at 851 (citations and internal quotations omitted). The North Carolina Rules of Civil Procedure do not authorize the agent of a city to designate another person to accept service. *Compare* N.C. Gen. Stat. § 1A-1, Rules 4(j)(1)b, 4(j)(4)a, 4(j)(4)b, 4(j)(6)b, 4(j)(7)a, and 4(j)(8)b, with N.C. R. Civ. P. 4(j)(5)a. *Accord*, *Evans v. Diaz*, 333 N.C. 774, 779-80, 430 S.E.2d 244, 247 (1993) (When a statute lists situations to which it applies, it implies the exclusion of situations not contained in the list).

8

### *Ms. Rosario Cannot Be Considered an Agent for the City Manager*

Neither the City nor the City Manager has appointed Ms. Rosario as its agent. There is no evidence of any appointment, either implicitly or explicitly. Had the FedEx delivery person asked Ms. Rosario if she had been appointed to accept service on behalf of the City Manager, she would have said no. *See Hupp*, 2012 U.S. Dist. LEXIS, at *10-11 ("'even if a person states that he or she is authorized to accept service, that is not proof that the person actually has the authority to do so.'") (quoting *United States CFTC v. Paron Capital Mgmt., LLC*, 2012 U.S. Dist. LEXIS 49154, at *8 (N.D. Cal. Apr. 6, 2012).

Appointment of an individual for the acceptance of service, to the degree it is permissible under the rules, requires a clear expression of intent. The North Carolina Court of Appeals, relying on two treatises, Moore's Federal Practice and Wright and Miller, Federal Practice and Procedure, has held that "'the mere appointment of an agent, even with broad authority, is not enough; it must be shown that the agent had specific authority, express or implied, for the receipt of service of process.' 2 Moore's Federal Practice 4.22(1), p. 1116." *Simms v. Mason's Stores, Inc.*, 18 N.C. App. 188, 193, 196 S.E.2d 545, 548 (1973) *aff'd as to insufficiency of service and rev'd on other grounds, 285 N.C. 145, 149, 203 S.E.2d 769, 772 (1974)*, (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil, § 1101). A broad grant of authority would not be sufficient to authorize Ms. Rosario to accept service of process on behalf of the City Manager.

Under North Carolina law, an agent must be expressly or impliedly authorized to receive process. *Simms v. Mason's Stores, Inc.*, 18 N.C. App. at 191-93, 196 S.E.2d at 547-48. In *Simms* the deputy sheriff had delivered process to a department store security guard who was standing by the front of the store near a cash register. *Simms*, 18 N.C. App. at 192; 196 S.E.2d at 548. The deputy sheriff and security guard had previously dealt with one another; the guard had previously appeared in court on behalf of the store, and the deputy had previously served subpoenas on the guard in connection with shoplifting cases in which the store was involved. *Simms*, 18 N.C. App. at 193; 196 S.E.2d at 548. The Court of Appeals held that such evidence was inadequate to show implied authority to accept service:

> At most, the above recitals show that Deputy Penland had served subpoenas on Vera Wallin on prior occasions, that Vera Wallin had appeared as a witness in court on behalf of Mason's Stores, Inc., and that Penland assumed Vera Wallin was employed at Mason's Stores, Inc. This evidence fails to meet the plaintiff's burden of showing the required specific agency to accept service of process.

*Simms*, 18 N.C. App. at 193; 196 S.E.2d at 548. (emphasis added).

Even if the acceptance of the package by Ms. Rosario was itself evidence of authority, any presumption raised by it has been rebutted. *Dougherty Equip. Co. v. M.C. Precast Concrete, Inc.*, 711 S.E.2d 505, 508 (2011) (presumption of service is rebuttable under N.C. R. Civ. P. 4(j2)(2)). Specifically:

- Ms. Rosario is employed in the City Manager's Office—her primary responsibilities are to answer telephone calls for the 30 employees of the office,

10

route calls, take messages and greet visitors (Rosario Aff. ¶¶ 3-4; Bonfield Aff. ¶¶ 10-11);

- Ms. Rosario's responsibilities do not include accepting or receiving any personal papers, personal letters, personal legal documents, or any other personal documents on behalf of anyone employed by the City, and in particular, any employee in the City Manager's Office (Rosario Aff. ¶ 8; Bonfield Aff. ¶ 12);

- Ms. Rosario's responsibilities do not include accepting or receiving any summons, complaint, or any form of legal process directed to the City or anyone employed by the City, and in particular, any employee in the City Manager's Office (Rosario Aff. ¶ 9; Bonfield Aff. ¶ 13);

- Ms. Rosario has never been authorized by Mr. Bonfield or any other City employee to accept or receive any personal papers, personal letters, personal legal documents, or any other personal documents on Mr. Bonfield's or any other City employee's behalf, and in particular, she has never been authorized to accept or receive any summons, complaint, or any form of legal process directed to Mr. Bonfield or any other City employee (Rosario Aff. ¶¶ 10-11; Bonfield Aff. ¶ 14-15);

- Ms. Rosario did not have Mr. Bonfield's express or implied authority or permission to receive the FedEx package on his behalf on January 15, 2013, or to accept delivery or service of the package on his behalf (Rosario Aff. ¶ 13; Bonfield Aff. ¶¶ 17-18); and

- Had Ms. Rosario known the contents of the package, she would not have allowed the FedEx employee to deliver it to her (Rosario Aff. ¶ 13).

Plaintiffs cannot show that Ms. Rosario had the required specific agency to accept service of process on behalf of Bonfield for the City. Ms. Rosario's and Bonfield's affidavits expressly negate the existence of specific agency. The available evidence establishes there was no implied agency. To compare with *Simms*, the FedEx employee did not ask Ms. Rosario if he could leave with her the complaint and summons directed to

Bonfield, as the deputy in *Simms* did with the security guard. *See Simms*, 18 N.C. App. at 190, 196 S.E.2d 546.[2]

### *The City's Awareness of this Action Does Not Establish Valid Service or Give the Court Jurisdiction Over it*

Actual notice of a lawsuit cannot cure the failure to comply with the requirements for valid service, nor give the court jurisdiction over the party who has not been properly served. *Hupp*, 2012 U.S. Dist. LEXIS, at *10 ("'actual notice does not provide the Court with personal jurisdiction over a defendant absent substantial compliance with Rule 4'") (*quoting Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)); *Long v. Cabarrus County Board of Education*, 52 N.C. App. 625, 626, 279 S.E.2d 95, 96 (1981) ("Where a statute provides for service of summons by designated methods, the specified requirements must be complied with or there is no valid service") (internal quotations omitted). That actual notice is received by the defendant is not enough—without valid notice the Court does not acquire jurisdiction. *Fulton*, 134 N.C. App. at 624, 518 S.E.2d at 521 ("Actual notice

---

[2] The Court of Appeals in *Simms* noted a conflict in the evidence regarding the deputy's statement in his affidavit that the security guard told him he could leave the process with her. The Court resolved it as follows:

> At best, the plaintiff's evidence shows that Deputy Penland asked if the manager of the store was present, and finding that he wasn't, Deputy Penland delivered the process to Vera Wallin having no knowledge of her authority to accept service, and failing to inquire as to her authority.

18 N.C. App. at 192, 196 S.E.2d 548.

may not supply validity to service unless the service is in the manner prescribed by a statute").

Compare the facts here with those described by the North Carolina Court of Appeals in *Johnson v. City of Raleigh*. *See* 98 N.C. App. at 149-50, 389 S.E.2d 851. In that case the North Carolina Court of Appeals held that delivery of a civil summons to the mayor's assistant for the City of Raleigh gave the city notice of the suit, but did not confer personal jurisdiction. *See Johnson*, 98 N.C. App. at 149-50, 389 S.E.2d 851 *(citing Hunter v. Hunter*, 69 N.C. App. 659, 662, 317 S.E.2d 910, 911 (1984)); *In re Appeal of Brunswick County*, 81 N.C. App. 391, 397, 344 S.E.2d 584, 588 (1986) (service on county attorney was insufficient in action against county).

13

## CONCLUSION

Plaintiffs have failed to serve the chief executive officer for the City or his agent as required by either Fed. R. Civ. P. 4(j)(2)(a) or 4(j)(2)(b), as such they have failed to establish jurisdiction over the City of Durham. This matter should be dismissed as to the City of Durham, North Carolina.

This the 5th day of February, 2013.

**OFFICE OF THE CITY ATTORNEY**

By: */s/Kimberly M. Rehberg*
Kimberly M. Rehberg, NC Bar No. 21004
Senior Assistant City Attorney
101 City Hall Plaza 2nd Floor
Durham, North Carolina 27701
Telephone: (919) 560-4158
Facsimile: (919) 560-4660
kimberly.rehberg@durhamnc.gov

CERTIFICATE OF ELECTRONIC FILING AND SERVICE

The undersigned hereby certifies that, pursuant to Rule 5 of the Federal Rules of Civil Procedure and LR5.3, MDNC, the foregoing pleading, motion, affidavit, notice, or other document/paper has been electronically filed with the Clerk of Court using the CM/ECF system, which system will automatically generate and send a Notice of Electronic Filing (NEF) to the undersigned filing user and registered users of record, and that the Court's electronic records show that each party to this action is represented by at least one registered user of record (or that the party is a registered user of record), to each of whom the NEF will be transmitted.

This the 5th day of February, 2013.

**OFFICE OF THE CITY ATTORNEY**

By: */s/Kimberly M. Rehberg*
     Kimberly M. Rehberg, NC Bar No. 21004
     Senior Assistant City Attorney
     101 City Hall Plaza 2nd Floor
     Durham, North Carolina 27701
     Telephone: (919) 560-4158
     Facsimile: (919) 560-4660
     kimberly.rehberg@durhamnc.gov